IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAUN M. SMILEY,                        6:15-CV-00086-BR

       Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


JOHN E. HAAPALA, JR.
401 E. 10th Avenue
Suite 240
Eugene, OR 97401
(541) 345-8474

       Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**KATHY REIF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-2531

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Shaun M. Smiley seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for disabled widow benefits under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to  42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.


## ADMINISTRATIVE HISTORY

      Plaintiff filed for disabled widow benefits on January 11, 2011, alleging a disability onset date of November 30, 2009. Tr. 212.[1]  The application was denied initially and on

---

      [1] Citations to the official transcript of record filed by the Commissioner on October 20, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on April 24, 2013.  Tr. 38-71.  At the hearing Plaintiff
and a vocational expert (VE) testified.  Plaintiff was
represented by an attorney.

The ALJ issued a decision on May 3, 2013, in which she found
Plaintiff is not disabled and, therefore, is not entitled to
benefits.  Tr. 13-31.  Pursuant to 20 C.F.R. § 404.984(d), that
decision became the final decision of the Commissioner on
November 21, 2014, when the Appeals Council denied Plaintiff's
request for review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103,
106-07 (2000).


## BACKGROUND

Plaintiff was born June 3, 1958, and was 54 years old at the
time of the hearing.  Tr. 82.  Plaintiff completed high school.
Tr. 68, 84.  Plaintiff has past relevant work experience as an
echo assistant, massage therapist, home attendant, and daycare
worker.  Tr. 67.

Plaintiff alleges disability during the relevant period due
to a right-shoulder injury, fibromyalgia, rheumatoid arthritis,
depression, vertigo, "left hip[, and] lower back."  Tr. 82.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the

3 - OPINION AND ORDER

medical evidence.  *See* Tr. 22-26.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of

4 - OPINION AND ORDER

evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

5 - OPINION AND ORDER

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

The ALJ concluded Plaintiff met the nondisability requirements for disabled widow's benefits.  Tr. 18.

In her Regulatory Sequential Evaluation the ALJ found as

follows:

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her November 30, 2009, alleged onset date.  Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia, moderate degenerative disc disease of the cervical spine, mild degenerative disc disease of the lumbar spine, right-knee osteoarthritis, and obesity.  Tr. 18. The ALJ found Plaintiff's impairment of depression is nonsevere. Tr. 19.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 21.  The ALJ found Plaintiff has the RFC to perform "a wide range of sedentary work."  Tr. 21.  The ALJ also found Plaintiff could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.  Tr. 21.  The ALJ found Plaintiff could never perform work that involved climbing ladders ropes, or scaffolds or that required concentrated exposure to hazards.  Tr. 21.

At Step Four the ALJ found Plaintiff can perform her past relevant work as a staffing clerk, and, therefore, Plaintiff is not disabled.  Tr. 26.

## DISCUSSION

Plaintiff contends the ALJ erred at Step Four when she found Plaintiff can perform her past relevant work as a staffing coordinator.  Specifically, Plaintiff contends her work as a staffing clerk is not past relevant work within the meaning of the Social Security Regulations.

In reaching her conclusion that Plaintiff could perform past relevant work as a staffing clerk, the ALJ reasoned:

> The claimant stated in her Work History report that she worked full time as a staffing coordinator for in home care patients from March 2004 through September 2004 and earned $12.00 an hour.  This job meets the recency requirement for past relevant work as it occurred within the past 15 years.  It also meets the substantial gainful activity requirement as her earnings during that period exceed the presumptive dollar amount for engaging in substantial gainful activity.

Tr. 26.

Plaintiff concedes she reported on her resume and work-history report that she worked as a staffing coordinator for six months between March 2004 and September 2004 and earned $12 per hour.  Tr. 237, 283.  In her Adult Disability Reports, however, Plaintiff reported she worked as a staffing coordinator for only three months in 2006.  Tr. 232, 291.  Plaintiff's earnings report does not show any earnings in 2004 and shows earnings of $872.45 in 2006.  Tr. 220.  In addition, on her resume Plaintiff noted she was a staff coordinator for "Always Home Nursing Services" in Orangevale, California.  Tr. 283.  Plaintiff's earnings report,

9 - OPINION AND ORDER

however, does not reflect any income received by Plaintiff from
Always Home Nursing Services.  Instead Plaintiff's earnings
report reflects she worked for Professional Nursing Services of
Northern California in 2006.  At the hearing the ALJ asked the VE
extensive questions about Plaintiff's work history, but she did
not inquire about Plaintiff's job as a staffing coordinator or
about her employment with Professional Nursing Services.
Plaintiff asserts the record does not support the ALJ's
conclusion that Plaintiff worked for six months in 2004 or that
her "earnings during [March 2004 through September 2004]
exceed[ed] the presumptive dollar amount for engaging in
substantial gainful activity."  Tr. 26.  Plaintiff notes her
earnings report reflects she earned $872.45 in all of 2006.
Plaintiff asserts this amount averaged over three months is
insufficient to satisfy the presumptive dollar amount for
engaging in substantial gainful activity in 2006.  According to
Plaintiff, therefore, the ALJ erred when she found Plaintiff has
past relevant work as a staff coordinator.

    In order for a claimant to be disabled, the Social Security
Regulations require the claimant's "impairment must prevent [her]
from doing past relevant work."  20 C.F.R. 404.1520(e).  The
Social Security Commission will "consider [a claimant's] work
experience applies when it was done within the last 15 years,
lasted long enough for [a claimant] to learn to do it, *and was*

*substantial gainful activity*."  20 C.F.R. § 1565(a)(emphasis
added).  The Social Security Regulations provide the following
guidance about substantial gainful activity:

> Your earnings may show you have done substantial
> gainful activity. . . .  We will use your earnings
> to determine whether you have done substantial
> gainful activity unless we have information from
> you, your employer, or others that shows that we
> should not count all of your earnings. . . .
> Generally, if you worked for substantial earnings,
> we will find that you are able to do substantial
> gainful activity.  However, the fact that your
> earnings were not substantial will not necessarily
> show that you are not able to do substantial
> gainful activity.  We generally consider work that
> you are forced to stop or to reduce below the
> substantial gainful activity level after a short
> time because of your impairment to be an
> unsuccessful work attempt.  Your earnings from an
> unsuccessful work attempt will not show that you
> are able to do substantial gainful activity.
>
>                          * * *
>
> Earnings that will ordinarily show that you have
> engaged in substantial gainful activity.  We will
> consider that your earnings from your work
> activity as an employee . . . show that you
> engaged in substantial gainful activity if:
>
>                          * * *
>
> Beginning January 1, 2001, and each year
> thereafter, [earnings] average more than [$860 per
> month].[2]
>
>                          * * *

---

[2] The Social Security Administration lists $860 per month
for 2006 in its Programs Operations Systems Manual:
DI 10501.015 Tables of SGA Earnings Guidelines and
Effective Dates Based on Year of Work Activity.  *See*
https://secure.ssa.gov/poms.nsf/lnx/0410501015

> If your average monthly earnings are equal to or
> less than the amount(s) determined under paragraph
> (b)(2) of this section for the year(s) in which
> you work, we will generally consider that the
> earnings from your work as an employee . . . will
> show that you have not engaged in substantial
> gainful activity. *We will generally not consider
> other information in addition to your earnings*
> except in the circumstances [not occurring in this
> action].

20 C.F.R. § 1574(a)(1), (b)(2)(ii), (b)(3)(i)(emphasis added).

Social Security Ruling 82-62 further explains substantial gainful

activity as follows:

> Capacity to do past work may be indicative of the
> capacity to engage in [substantial gainful
> activity] SGA when that work experience
> constituted SGA and has current relevance
> considering duration and recency.
>
> 1. SGA
>
> The adjudicative criteria for determining whether
> a person has done "substantial" and "gainful" work
> activity are explained in sections
> 404.1571-404.1575 and 416.971-416.975 of the
> regulations.
>
> 2. Duration
>
> Duration refers to the length of time during which
> the person gained job experience. It should have
> been sufficient for the worker to have learned the
> techniques, acquired information, and developed
> the facility needed for average performance in the
> job situation. The length of time this would take
> depends on the nature and complexity of the work.

SSR 82-62, at *2.

The Court concludes the ALJ erred when she found Plaintiff

worked as a staffing coordinator in 2004 because the ALJ's

conclusion is not supported by substantial evidence in the

12 - OPINION AND ORDER

record.

With respect to Plaintiff's work as a staffing coordinator in 2006, as noted, Plaintiff's earnings for all of 2006 were $872.45. Averaging those earnings over the three months Plaintiff worked in 2006 results in average monthly earnings of $290.81, which is well below the presumptive dollar amount for engaging in substantial gainful activity set out in 20 C.F.R. § 1574(b)(3)(i). In addition, on her resume Plaintiff described her staffing coordinator position as a "trial period and [I] was replaced by someone with more experience. I was never trained for the position." Tr. 283. Plaintiff asserts this indicates she was allowed to work "at lower standards or productivity or efficiency during her trial period and released when that special condition ended." According to Plaintiff, therefore, the staffing coordinator job was an unsuccessful work attempt and may not be considered substantial gainful activity for that reason as well. The Social Security Regulations provide:

> If you worked 3 months or less. We will consider work of 3 months or less to be an unsuccessful work attempt if you stopped working, or you reduced your work and earnings below the substantial gainful activity earnings level, because of your impairment or because of the removal of special conditions which took into account your impairment and permitted you to work.

20 C.F.R. § 1574(c)(3). In addition, SSR 84-25 describes evaluation of an unsuccessful work attempt as follows:

> For SGA determination purposes, substantial work

13 - OPINION AND ORDER

may, under certain conditions, be disregarded if
it is discontinued or reduced to the non-SGA level
after a short time because of the person's
impairment or the removal of special conditions
related to the impairment that are essential to
the further performance of work.  The
[Unsuccessful Work Attempt] UWA criteria differ
depending on whether the work effort was for "3
months or less" or for "between 3 and 6 months."
If a work attempt was "unsuccessful," a finding of
disability during the time that such work was
performed would not be precluded.

* * *

1. <u>Work Effort of 3 Months or Less</u>

The work must have ended or have been reduced to
the non-SGA level within 3 months due to the
impairment or to the removal of special conditions
related to the impairment that are essential to
the further performance of work. (Examples of
"special conditions" are given below.)

2. <u>Work Effort of Between 3 and 6 Months</u>

If work lasted more than 3 months, it must have
ended or have been reduced to the non-SGA level
within 6 months due to the impairment or to the
removal of special conditions (see below) related
to the impairment that are essential to the
further performance of work and:

    a.   There must have been frequent absences
due to the impairment; or

    b.   The work must have been unsatisfactory
due to the impairment; or

    c.   The work must have been done during a
period of temporary remission of the impairment;
or

    d.   The work must have been done under
special conditions.

SSR 84-25, at *2-3.  As noted, the ALJ did not ask Plaintiff

about her work as a staffing coordinator and did not seek any
further explanation for Plaintiff's termination or whether she
was permitted to work at a lower standard during her three-month
period as a staffing coordinator.  SSR 84-25 provides:

> In considering why a work effort ended or was
> reduced to the non-SGA level, we do not rely
> solely on information from the worker.  Therefore,
> if impartial supporting evidence is not already a
> part of the claims file, confirmation with the
> employer is required.  If the information from the
> employer is inconclusive or if none is available,
> the reason for work discontinuance or reduction
> may be confirmed with the person's physician or
> other medical source.  After being apprised of the
> circumstances, the physician or other medical
> source could state whether, in his or her opinion
> or according to the records, the work
> discontinuance or reduction was due to the
> impairment.

At *3.

On this record the Court concludes the ALJ erred when she
concluded Plaintiff engaged in substantial gainful activity in
2004, failed to establish whether Plaintiff's work as a staffing
coordinator in 2006 met the presumptive dollar amount for
engaging in substantial gainful activity, and failed to ascertain
the reason for Plaintiff's termination in 2006.


## REMAND

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172,

15 - OPINION AND ORDER

1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman*, 211 F.3d at 1178.  The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if

the case were remanded for further proceedings.  *Id.* at 1178 n.2.

As noted, the Court has concluded the ALJ erred when she concluded Plaintiff engaged in substantial gainful activity in 2004, failed to establish whether Plaintiff's work as a staffing coordinator in 2006 met the presumptive dollar amount for engaging in substantial gainful activity, and failed to ascertain the reason for Plaintiff's termination in 2006.  The record, however, is not clear as to whether Plaintiff's employment in 2006 constitutes substantial gainful activity and/or an unsuccessful work attempt.  Accordingly, remand is necessary to resolve these questions.

Accordingly, the Court remands this matter for further development of the record and evaluation of whether Plaintiff's employment in 2006 constitutes substantial gainful activity and/or an unsuccessful work attempt and, therefore, whether it constitutes past relevant work at Step Four.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings

consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 3rd day of June, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge